UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION AT LEXINGTON

JAMES DAVID BLUE THUNDER,         )
                                  )
        Plaintiff,                )    Civil Action No. 13-187-KSF
                                  )
v.                                )
                                  )    **MEMORANDUM OPINION**
UNITED STATES PAROLE COMMISSION,  )    **AND ORDER**
*et al.*,                         )
                                  )
        Defendants.               )

\*\*\* \*\*\* \*\*\* \*\*\*

James David Blue Thunder ("Blue Thunder") is an inmate confined by the Bureau of Prisons in the Federal Medical Center located in Lexington, Kentucky. Proceeding without counsel, Blue Thunder has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241, appearing to challenge a decision by the United States Parole Commission ("USPC") on June 22, 2012, continuing his case for a year and scheduling a parole Reconsideration Hearing in June of 2013.[1]

Blue Thunder claims that when the USPC originally revoked his parole in 1998, the USPC relied on hearsay evidence and otherwise improperly revoked his parole. He claims that in taking these actions, the USPC exceeded its rule making authority, acted in an arbitrary and capricious manner, and violated his right to due process of law guaranteed by the Fifth Amendment of the U.S. Constitution. Blue Thunder asserts that there was no rational basis for the USPC's action, and he seeks an order temporarily restraining the USPC from enforcing its decision to revoke his parole

---

[1]The Court has no knowledge as to whether Blue Thunder's Reconsideration Hearing was held in June of 2013.

while this action is pending. He claims that he is in custody in violation of the U.S. Constitution and laws of the United States, and he seeks immediate release.

The Court conducts an initial review of habeas corpus petitions. 28 U.S.C. § 2243; *Alexander v. Northern Bureau of Prisons*, 419 F. App'x 544, 545 (6th Cir. 2011). The Court must deny the petition "if it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts (applicable to § 2241 petitions under Rule 1(b)). The Court evaluates Blue Thunder's petition under a more lenient standard because he is not represented by an attorney. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Burton v. Jones*, 321 F.3d 569, 573 (6th Cir. 2003). At this stage, the Court accepts Blue Thunder's factual allegations as true, and construes his legal claims in his favor. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007). For the reasons stated below, Blue Thunder's habeas petition is without merit and will be denied for his failure to state a claim warranting relief under § 2241.

### FACTUAL AND PROCEDURAL BACKGROUND

In 1978, Blue Thunder was convicted in the United States District Court for the District of South Dakota of first-degree murder, in violation of 18 U.S.C. §§ 1111 and 1153. Blue Thunder received a life sentence of imprisonment, and the Eighth Circuit Court of Appeals affirmed his conviction and sentence. *United States v. Blue Thunder*, 604 F.2d 550 (8th Cir. 1979).

On August 14, 1995, Blue Thunder was paroled. However, his parole was revoked on June 24, 1998, after the USPC found that he had violated numerous conditions of his parole, including fraud, assault and sodomy or unlawful sexual contact with a minor. The USPC did not prosecute Blue Thunder for violating any laws, tribal or otherwise. Instead, the USPC simply determined that

Blue Thunder had failed to comply with the terms of the condition of his parole. As noted in *United States v. Brown*, 59 F.3d 102 (9th Cir. 1995):

> Revocation of parole or probation is regarded as reinstatement of the sentence for the underlying crime, not as punishment for the conduct leading to the revocation. *See United States v. Soto–Olivas*, 44 F.3d 788, 789, 791 (9th Cir.1995). Parole and probation are part of the original sentence. Their continuance is conditioned on compliance with stated conditions—if the defendant does not comply with those conditions, parole and probation may be revoked. Revocation does not extend the original sentence, it simply alters the conditions under which it is served. The fact that the events which lead to revocation may also constitute a second crime does not mean the revocation itself is punishment for the second crime. *See id.*

59 F.3d at 104-05.

Blue Thunder appealed the USPC's decision to revoke his parole to the National Appeals Board ("NAB"), contending that the USPC lacked jurisdiction to revoke his parole. On September 15, 1998, the NAB rejected his appeal and affirmed the USPC's decision.

In 2001, Blue Thunder filed a petition for writ of habeas corpus pursuant to § 2241 in the United States District Court for the District of Colorado. The named respondents were E. J. Gallegos, Warden; E. Maureen Janssen, U. S. Parole Officer; Dave Johnson, Glory House Director; and United States Parole Commission. He claimed that the respondents exceeded their jurisdiction with respect to the fraud charge and denied him due process in revoking his parole. *See Blue Thunder v. Gallegos,* No. 01-WM-1965 (D.Colo. May 17, 2002) (unpublished order). The district court dismissed the petition on the merits, finding that the respondents acted within their jurisdiction and did not deny him due process because there was a rational evidentiary basis for the revocation findings. Blue Thunder did not appeal.

Blue Thunder filed his second § 2241 petition in June 2004 in the United States District Court for the District of Columbia. Because petitioner was incarcerated in Colorado at that time, the

3

petition was transferred to the District Court for the District of Colorado. *See, Blue Thunder v. United States Parole Com'n*, 165 F. App'x. 666 (10th Cir. 2006)[unpublished]. In that case, Blue Thunder claimed that the Commission had exceeded its jurisdiction with respect to the Charge of Fraud and that his Due Process rights were violated by the revocation of his parole. *Id*. at 667. In addition, Blue Thunder argued that his abuse of the Writ should be excused because, allegedly, USPO Janssen failed to disclose material evidence at the 1998 Revocation Hearing, an argument that the district court rejected. *Id*. at 668. The district court dismissed the petition as an abusive writ pursuant to 28 U.S.C. § 2244(a), concluding that Blue Thunder had previously unsuccessfully raised the same issue concerning the revocation of his parole. Petitioner appealed, but on February 7, 2006, the Tenth Circuit affirmed the denial of Blue Thunder's second habeas petition as an abuse of the writ. *See James David Blue Thunder v. U.S. Parole Commission, et al., supra*.

In 2009, Blue Thunder filed a third § 2241 habeas petition in the United States District Court for the District of Minnesota identified as *James Blue Thunder v. Brian J. Jett, Warden, et al.,* No. 09-2454- DSD/LIB (D. Minn. 2009), wherein he raised the following challenges to the Revocation Hearing: (1) that the Commission had no subject matter jurisdiction to consider the Tribal Code violations; (2) that USPO Janssen committed a violation of *Brady v. Maryland*, 373 U.S. 83 (1963), by allegedly "suppressing" witnesses and medical evidence from the Hearing Officer; (3) that the Commission did not have jurisdiction to consider the Charge of Fraud, because the Veterans Administration had already made a "final and conclusive" decision that he was not at fault;(4) that the Tribal Courts, and not the Commission, had jurisdiction over the Commission's "contract" -- i.e. the terms of Blue Thunder's parole -- and the criminal conduct charges; (5) that the Assistant United States Attorney failed to comply with Title 25 U.S.C. Section 2809(b); and (6) that the

Warrant was improperly based upon criminal conduct for which he had not been arrested. The district court surmised that Blue Thunder was claiming that these alleged procedural errors violated his right to Due Process, under the Fifth Amendment, and under Title 25 U.S.C. §1302, which extends many of the liberties, that are guaranteed in the Constitution, as against Tribal Governments, and that he was claiming that, given the facts and the Court's purported lack of jurisdiction, the Commission's decision to revoke his parole was arbitrary and capricious, under the Administrative Procedures Act, Title 5 U.S.C. §701, *et seq*. ("APA"). Additionally, Blue Thunder also claimed that he is actually innocent of several of the Charges -- specifically, the Charges of Fraud, the Violation of Special Conditions, and the Assault of Nauceder. For all of those reasons, Blue Thunder sought reversal of his parole revocation.

On September 23, 2010, the district court denied Blue Thunder's petition as successive and an abuse of the writ. [R. 35 therein] Blue Thunder moved for relief from that judgment, pursuant to Fed. R. Civ. P. 60(b)(6) [R. 37 therein]. On August 19, 2013, the district court denied that motion. [R. 43 therein] Blue Thunder did not appeal.

Blue Thunder's current habeas petition, filed pursuant to 28 U.S.C. § 2241, is his fourth such petition. Three of the four claims raised herein hinge on the fact that he was never charged or convicted of any new criminal offenses in any court, tribal or federal, either before or after the revocation of his parole in 1998. Based on that fact, Blue Thunder contends that (a) the USPC lacked authority to arrest and detain him for criminal conduct in the absence of the United States Attorney's Office initiating any criminal charges against him, (b) he is "actually innocent" of the criminal conduct for which the USPC found he had committed, and (c) he has newly discovered evidence that the USPC exceeded its statutory authority by charging him with violations of law for

which he was never charged or convicted. For this fourth claim, he claims that the USPC has violated his due process rights by exceeding the scope of its authority relating to the requirement that, pursuant to 18 U.S.C. § 4203(c)(2), it must "take sworn testimony" in parole revocation proceedings established in 18 U.S.C. §§ 4209(b) and 4213(b).

## DISCUSSION

In Blue Thunder's third habeas petition filed in 2009 in the District of Minnesota, the district court found that Blue Thunder's claims raised therein were or could have been raised in his 2001 petition that was denied and dismissed on the merits. Consequently, that court held that his 2009 petition was successive and was an abuse of the writ. "The doctrine of abuse of the writ defines the circumstances in which federal courts decline to entertain a claim presented for the first time in a second or subsequent petition for a writ of habeas corpus." *McCleskey v. Zant*, 499 U.S. 467, 470 (1991). "[A]busive claims must always be read in light of the equitable proposition that petitioners 'should include all reasonably available claims and grounds for relief in their first habeas petition.'" *Rehbein v. Clarke*, 94 F.3d 478, 483 (8th Cir. 1996), quoting *Washington v. Delo*, 51 F.3d 756, 760 (8th Cir. 1995), *cert. denied*, 516 U.S. 876 (1995).

In *McCleskey v. Zant*, *supra*, the Supreme Court formulated the following test to establish an abuse of the Writ:

> . . . When a prisoner files a second or subsequent application, the government bears the burden of pleading abuse of the writ. The government satisfies this burden if, with clarity and particularity, it notes petitioner's prior writ history, identifies the claims that appear for the first time, and alleges that petitioner has abused the writ. The burden to disprove abuse then becomes petitioner's. To excuse his failure to raise the claim earlier, he must show cause for failing to raise it and prejudice therefrom as those concepts have been defined in our procedural default decisions. The petitioner's opportunity to meet the burden of cause and prejudice will not include an evidentiary hearing if the district court determines as a matter of law that petitioner cannot satisfy the standard. If petitioner cannot show cause, the failure to

6

raise the claim in an earlier petition may nonetheless be excused if he or she can show that a fundamental miscarriage of justice would result from a failure to entertain the claim.

*McCleskey*, 499 U.S. 494-95.

The Eighth Circuit Court of Appeals has also found an abuse of the Writ, where a petitioner raises "claims considered and rejected in [a] prior habeas petition." LaRette v. Bowersox, 70 F.3d 986, 987 (8th Cir. 1995); *see also, Zuniga-Hernandez v. Reese*, 2002 WL 31553539 at *1 (D. Minn., November 14, 2002) ("When a petitioner raises grounds in a subsequent petition that are merely a restatement of the claims considered and rejected in a prior habeas petition, the petitioner has clearly abused the writ."), citing *LaRette v. Bowersox*, *supra,* at 987.

In addition, Title 28 U.S.C. §2244(a) provides as follows:

No circuit or district judge shall be required to entertain an application for a writ of habeas corpus to inquire into the detention of a person pursuant to a judgment of a court of the United States if it appears that the legality of such detention has been determined by a judge or court of the United States on a prior application for a writ of habeas corpus, except as provided in section 2255.

Regardless that Section 2244(a) refers to Section 2255, it has been held that Section 2244(a) also applies to petitions that were filed under Section 2241. *See, Antonelli v. Warden, U.S.P. Atlanta*, 542 F.3d 1348, 1352 (11th Cir. 2008)(Section 2244(a) prohibits successive petitions under 2241); *Queen v. Miner*, 530 F.3d 253, 255 (3rd Cir. 2008) (a Section 2241 petitioner cannot raise new claims that have been, or could have been, raised in a previous petition); *Verner v. Attorney General*, 190 F. App'x. 592, 593 (10th Cir. 2006)[unpublished]; *Shabazz v. Keating*, 242 F.3d 390 at *2 (10th Cir. 2000) [unpublished](Section 2244(a) means that Courts "are not required to entertain a §2241 petition if the legality of the detention has been determined by a prior application.").

7

Additionally, a prior version of Section 2244(a) specifically stated that a Habeas Corpus petition need not be heard where the legality of the detention had already been decided, "and the petition presents no new ground not heretofore presented and determined." *See*, *George v. Perrill*, 62 F.3d 333, 334 (10th Cir. 1995) (quoting the pre-Antiterrorism and Effective Death Penalty Act). Section 2244(a) was then amended, and Congress removed the language that had referred to new grounds, so that Section 2244(a) now appears to bar the consideration of claims which have already been litigated in a Habeas Corpus action, as well as those that could have been litigated. *See, Mathison v. Morrison*, 2007 WL 3224671 at *2 (D. Minn., November 1, 2007) (concluding that Title 28 U.S.C. §2244(a) prohibits both successive petitions and abusive petitions that raise claims that could have been raised earlier); *Gutierrez v. Perrill*, 104 F.3d 367 at *1 n. 3 (10th Cir. 1996) ("As amended, §2244(a) appears now to relate to both abusive and successive petitions.").

The conclusion is supported by the Supreme Court's holding, prior to the amendment, that the earlier version of Section 2244(a) did not "foreclose application of the court-announced principles defining and limiting a district court's discretion to entertain abusive petitions," *McCleskey v. Zant*, supra at 487, including that a petition cannot raise new claims that could have been raised earlier, *see, Rehbein v. Clarke*, *supra,* at 483; *Phelps v. United States Federal Government*, 15 F.3d 735, 738 (8th Cir. 1994), *cert. denied*, 511 U.S. 1114 (1994). Therefore, that rule continues to apply to Section 2241 petitions. *See, Zayas v. INS*, 311 F.3d 247, 256 (3rd Cir. 2002) (finding that the "abuse of the writ" doctrine applies to successive petitions under Section 2241); *Arnaout v. Marberry*, 351 F. App'x. 143, 144 (7th Cir. 2009) [unpublished] ("Even before the Antiterrorism and Effective Death Penalty Act * * * federal courts declined to entertain successive petitions under §2241 or §2255, unless the law had changed or new facts had come to light.").

Where a respondent has demonstrated that a petitioner has abused the Writ, by seeking to raise a claim for the first time in a successive petition, or has filed a successive petition, which raises the same claims that have already been decided, the petitioner must show that "the claim 'is based on facts or legal theories of which he had no knowledge when prosecuting his prior habeas petition,'" in order to avoid dismissal, *see, Cook v. Lockhart*, 878 F.2d 220, 222 (8th Cir. 1989), quoting *Williams v. Lockhart*, 862 F.2d 155, 158, 159 (8th Cir. 1988), or that a fundamental miscarriage of justice would take place, if his claim is not considered -- or, put differently, that he is actually innocent, based upon new evidence. *See, Storey v. Roper*, 603 F.3d 507, 523 (8th Cir. 2010); *Rehbein v. Clarke*, *supra* at 483; *Schlup v. Delo*, 513 U.S. 298, 324 (1995); *see also*, *Rosales-Garcia v. Holland*, 322 F.3d 386, 400 (6th Cir. 2003), citing *Sanders v. United States*, 373 U.S. 1, 16 (1963); *Arnaout v. Marberry*, *supra* at 144-45; *Byrd v. Delo*, 917 F.2d 1037, 1039-40 (8th Cir. 1990).

## ANALYSIS

In light of the applicable law set out above and the factual background, it is clear that in his three prior habeas petitions filed in 2001, 2004, and 2009, respectively, Blue Thunder has previously raised, in one or more of his prior habeas petitions, all of the same claims raised in the present petition, claims that were considered and rejected by those various district courts and, in respect to the 2004 petition, affirmed on appeal.[2] Thus, these claims are successive and are subject to dismissal. See, *Davis v. Fechtel*, 150 F.3d 486, 490-91 (5th Cir. 1998) (third 2241 petition, which raised the same claims as the second 2241 petition, was successive); *Antonelli v. Warden, U.S.P.*

---

[2]Blue Thunder appealed the denial of his 2004 habeas petition filed in the District of Colorado to the Tenth Circuit Court Appeals, which affirmed the district court's denial of the petition.

*Atlanta*, supra at 1352; *Thunder v. United States Parole Comm'n*, 165 F. App'x. 666, 667-68 (10th Cir. 2006)[unpublished]; *O'Neal v. Levi*, 551 F. Supp.2d 379, 388 (E.D. Pa. 2008).

Further, to the extent that Blue Thunder bases those same claims -- which challenge the jurisdiction of the Commission, and its factual conclusions -- on alternative arguments, which are not based upon any change in the law, the new arguments do not alter the Court's conclusion that those claims are successive. *See, Morales v. Ornoski*, 439 F.3d 529, 532 (9th Cir. 2006) (finding a claim successive where "the basic thrust or gravamen" was the same, in the context of a 2254 petition); *Campbell v. Blodgett*, 997 F.2d 512, 516 (9th Cir. 1992) ("[A] different factual basis or argument asserted to support the same legal theory advanced previously does not constitute a new ground for relief and is successive."), *cert. denied*, 510 U.S. 1215 (1994), citing *Sanders v. United States*, supra at 16; *Day v. Cody*, 85 F.3d 640 at *2 (10th Cir. 1996) [Table Decision](a petitioner "may not refile every time he concocts a new theory - or puts a new spin on an old theory," in the context of a Section 2254 petition).

Accordingly, based on a review of the claims raised in Blue Thunder's three, prior petitions and the applicable law, the Court concludes that all of the claims Blue Thunder raises in the present petition are successive and are subject to dismissal on that basis unless Blue Thunder can demonstrate cause and prejudice, or his probable actual innocence, in order to allow this petition to proceed. *See, LaRette v. Bowersox*, supra at 987; *Rehbein v. Clarke*, supra at 483; *Washington v. Delo*, supra at 760-61. In order to satisfy the "cause" requirement, the petitioner must show that some external impediment prevented him from presenting his claim in a timely and procedurally proper manner. *See, McCleskey v. Zant*, supra at 490 (the same standard that governs excuse of State procedural defaults governs the excuse in the "abuse-of-the-writ context."); *Bell v. Attorney*

*General of State of Iowa*, 474 F.3d 558, 561 (8th Cir. 2007) ("A cause is sufficient to excuse procedural default when it is external to the petitioner and not attributable to the petitioner."), *cert. denied*, 552 U.S. 912 (2007), *citing Coleman v. Thompson*, 501 U.S. 722, 753 (1991)("[C]ause under the cause and prejudice test must be something **external** to the petitioner, something that cannot fairly be attributed to him * * * [f]or example, 'a showing that the factual or legal basis for a claim was not reasonably available * * * or that some interference by officials made compliance impracticable[.]'")[emphasis in original], quoting, in turn, *Murray v. Carrier*, 477 U.S. 478, 488 (1986).

In considering Blue Thunder's third habeas petition, the district court in the District of Minnesota found that there was nothing that had prevented Blue Thunder from challenging the completeness of the Hearing Record before the USPC in his 2001 Petition, based upon evidence that he knew of, or could have easily discovered, regardless of whether he was aware of USPO Janssen's participation in the investigation of those charges. In fact, in his direct appeal of the Commission's decision, Blue Thunder was able to raise an argument that challenged the completeness of the Hearing Record, where he argued that his Due Process rights had been violated by the Commission's denial of subpoenas for the requested witnesses and by the absence of other medical evidence that he contended would support his defenses. Thus, the district court concluded that there was clearly nothing "external" to Blue Thunder that prevented him from raising his purported *Brady* claim in his 2001 Petition; therefore, he was unable to show "cause" for his not having raised all of his claims in his first or second habeas petitions.[3]

---

[3]Since Blue Thunder failed to satisfy the "cause" requirement, it was unnecessary for the district court in Minnesota to consider the prejudice component. *See, Washington v. Delo*, 51 F.3d 756, 760 (8th Cir. 1995)("Since no cause has been shown, we need not reach the issue of prejudice," and "[w]e therefore conclude that Washington's second petition is successive and an abuse of the

In the present petition, as cause, Blue Thunder contends that he has "newly discovered evidence" that was not available to him at the time filed his first habeas petition in 2001. Blue Thunder states that regardless of USPO Janssen's testimony at his 1998 parole revocation hearing that "it appears likely " that he would be prosecuted for fraud and other charges, he was never formally charged or convicted of any criminal conduct that was the basis for the USPC's decision to revoke his parole. The "newly discovered evidence" he relies on as proof that he was never charged with or convicted of any criminal conduct is (1) a letter dated October 18, 2002, from Janel Y. Sully, Prosecutor, Rosebud Sioux Tribal Court, Rosebud, South Dakota, stating that no action had been filed against him in that court [R. 1-7], and (2) a letter dated October 23, 2006, from the Clerk of the Court for the District of South Dakota advising him that no complaints or indictments had been filed against him for the period of time from January 1, 1998 to October 23, 2006. [R. 1-8] Blue Thunder contends that since these two letters [R. 1-7, 1-8] post-date the filing of his initial habeas petition in Colorado in 2001, they were not available to him at that time to support his claim that the USPC exceeded its authority by charging him with criminal conduct and unlawfully revoked his parole.

Blue Thunder's argument is disingenuous and is without merit for several reasons. It is true that these two letters post-date the filing of his initial habeas petition in 2001. However, Blue Thunder relied on these same two letters in his third habeas petition filed in 2009 in the District of

---

writ."), *cert. denied*, sub nom. *Washington v. Bowersox*, 516 U.S. 876 (1995); *see also, Cagle v. Norris*, 474 F.3d 1090, 1099 (8th Cir. 2007) ("If a prisoner fails to demonstrate cause, the court need not address prejudice."), citing *Mathenia v. Delo*, 99 F.3d 1476, 1481 (8th Cir. 1996) *cert. denied*, sub. nom. *Mathenia v. Bowersox*, 521 U.S. 1123 (1997); *Ashker v. Class*, 152 F.3d 863, 871 (8th Cir. 1998) (when a habeas petitioner "has not shown adequate cause to overcome the procedural bar * * * we need not consider the issue of actual prejudice"); *Sweet v. Delo*, 125 F.3d 1144, 1151 (8th Cir. 1997), *cert. denied*, sub nom. *Sweet v. Bowersox*, 523 U.S. 1010 (1998) (same).

Minnesota. In that petition, these two letters were identified as Exhibits A and B to the petition. [R. 43, p. 3, n.1 therein]. Thus, Blue Thunder has already presented his "newly discovered evidence" to another court in a prior habeas petition. It is not new, and it has previously been considered by another court.

Blue Thunder's argument misses the mark for another reason as well. Blue Thunder persistently claims that the USPC unlawfully revoked his parole for criminal conduct of which he was never charged or convicted. He appears to claim that the USPC essentially convicted him of new criminal conduct in the absence of sufficient proof, *viz.*, a criminal conviction. Blue Thunder fails to recognize or chooses to ignore the fact that the USPC did not convict him of any new criminal conduct. The USPC only found that based on the evidence in the Hearing Record in 1998, Blue Thunder had violated the conditions of his parole, warranting its revocation. Being found guilty of violating one's conditions of parole is certainly not synonymous with a criminal conviction. The standard of proof for a parole violation is proof by a preponderance of the evidence, while the standard of proof for a criminal conviction is proof beyond a reasonable doubt. One is apples; the other is oranges. Blue Thunder's argument is misplaced.

Regardless of the fact that Blue Thunder's present § 2241 petition is subject to dismissal because it is successive and an abuse of the writ, it is also without merit. The crux of Blue Thunder's persistent claim is that the USPC unlawfully revoked his parole because the USPC improperly concluded that he had committed new criminal conduct, when he was never formally charged with or convicted of such conduct prior to the revocation of his parole or thereafter. Even so, the USPC need not rely on a "new federal, state, or local conviction," and it may make "an independent finding" regarding whether new criminal conduct occurred. 28 C.F.R. § 2.21*; see also*

*id.* § 2.19(c) (explaining that "[i]f the prisoner disputes the accuracy of the information presented, the Commission shall resolve such dispute by the preponderance of the evidence standard"). In other words, the USPC is authorized to make an independent finding of new criminal conduct and is not required to rely on charging documents. *See Whitehead v. U.S. Parole Comm'n*, 755 F.2d 1536, 1537 (11th Cir. 1985) (per curiam) ("[E]ven if there had been an acquittal on the criminal charge, the conduct can be the basis of parole revocation."); *Briggs v. U.S. Parole Comm'n*, 736 F.2d 446, 449 (8th Cir. 1984) ("The Parole Commission has broad discretion to consider the overall circumstances of the prisoner's offense behavior .... [and] may consider unadjudicated charges, charges in dismissed counts of an indictment, or even evidence of crimes of which the accused has been acquitted." (citations omitted)). *See also, Peltier v. Booker*, 348 F.3d 888, 892-93 (10th Cir. 2003) ("[t]he inquiry is not whether the Commission's decision is supported by a preponderance of the evidence, or even by substantial evidence; the inquiry is only whether there is a rational basis in the record for the Commission's conclusions embodied in its statement of reasons.") (quoting *Solomon v. Elsea*, 676 F.2d 282, 290 (7th Cir. 1982).

Consequently, contrary to Blue Thunder's argument, the USPC was authorized to make an independent determination as to whether he had violated the conditions of his parole. To reiterate, the USPC did not convict Blue Thunder of any new criminal conduct; it simply found that he had violated the conditions of his parole, reason in and of itself to revoke his parole. Therefore, his "newly discovered evidence" provides no basis to grant his petition. His claim otherwise is without merit.

Blue Thunder also claims that the USPC lacked authority to arrest and detain him for criminal conduct in the absence of the United States Attorney's Office initiating a criminal complaint

or indictment against him. Again, Blue Thunder's argument misses the mark. The USPC issued a warrant to arrest him based on information it had received that Blue Thunder had violated the conditions of his parole. Contrary to his argument, he was not arrested for new criminal conduct. This claim is also without merit.

As to Blue Thunder's final claim raised herein, he claims that the USPC has violated his due process rights by exceeding the scope of its authority relating to the requirement that, pursuant to 18 U.S.C. § 4203(c)(2), it must "take sworn testimony" in parole revocation proceedings established in 18 U.S.C. §§ 4209(b) and 4213(b). In short, this claim is clearly successive. It concerns his parole revocation hearings in 1998. Clearly, Blue Thunder could have raised this claim in his original habeas petition in 2001 or in one of his other two other habeas petitions filed in 2004 and 2009, respectively. Where the second or successive petition raises a new claim that could have been raised previously, the abuse-of-the-writ doctrine applies. *McCleskey v. Zant*, *supra*; *see also, George v. Perrill, supra* at 335.

Additionally, in Blue Thunder's construed amended petition [R. 14], he requests the Court to apply the Sixth Circuit's recent decision in *United States v. Tavera*, 719 F.3d 705 (6th Cir. 2013), retroactively to his habeas petition. As grounds for this request, Blue Thunder states that in *Tavera*, the Sixth Circuit declined to adopt the rule requiring criminal defendants to exercise "due diligence" in seeking to discover exculpatory evidence favorable to a defendant's guilt or that is material to punishment, instead following the rule in *Brady v. Maryland*, *supra,* and *Banks v. Dretke*, 540 U.S. 668 (2004). *Tavera* appears to reaffirm or reimpose the rule that a prosecutor has an affirmative duty to disclose exculpatory evidence to a defendant.

Regardless of the implications of *Tavera*, a criminal case, it has no application to this Court's consideration of Blue Thunder's habeas petition, a civil case, or to the alleged failure of USPO Janssen to disclose exculpatory evidence to the USPC at his parole revocation hearing in 1998. Blue Thunder's reliance on *Tavera* is misplaced. To reiterate, the USPC only found that he had violated the conditions of his parole; it did not find him guilty of any new criminal conduct. *Tavera* is of no assistance to Blue Thunder in the present action.

**CONCLUSION**

For all of the foregoing reasons, Blue Thunder's present habeas petition is a second or successive habeas petition. All claims raised herein are claims that Blue Thunder has raised or could have raised previously in his three, prior habeas petitions. Thus, it is without merit and will be denied for his failure to state a claim warranting relief under § 2241.

Accordingly, **IT IS HEREBY ORDERED** that:

1. Blue Thunder's 28 U.S.C. § 2241 petition for a writ of habeas corpus [R. 1], as amended [R. 4, 8, and 14] is **DENIED**.

2. This action is **DISMISSED** for failure to state a claim for which relief can be granted under § 2241 and **STRICKEN** from the Court's docket.

3. The Court shall enter an appropriate Judgment.

This November 18, 2013.



**Signed By:**
*Karl S. Forester* KSF
**United States Senior Judge**