UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION AT LEXINGTON

JAMES DAVID BLUE THUNDER,         )
                                  )
    Petitioner,                   ) Civil Action No. 5:13-187-JMH
                                  )
v.                                )
                                  )   **MEMORANDUM OPINION**
UNITED STATES PAROLE              )        **AND ORDER**
COMMISSION, *et al.*,             )
                                  )
    Respondents.                  )
                    ***   ***   ***   ***

James David Blue Thunder ("Blue Thunder") is an inmate confined by the Bureau of Prisons in the Federal Medical Center located in Lexington, Kentucky. Proceeding without counsel, Blue Thunder filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241, challenging the decision of the United States Parole Commission ("USPC") dated June 22, 2012, continuing his case for a year and scheduling a parole Reconsideration Hearing in June of 2013.[1]

---

[1] Based solely on Blue Thunder's statements in his supplemental Fed. R. Civ. P. 59(e) motion, it appears that his Reconsideration Hearing was not held in June 2013, but was conducted on August 1, 2013, and December 18, 2013. [R. 30, p. 8]

Blue Thunder claims that when the USPC originally revoked his parole in 1998, the USPC relied on hearsay evidence and otherwise improperly revoked his parole. He claims that in taking these actions, the USPC exceeded its rule making authority, acted in an arbitrary and capricious manner, and violated his right to due process of law guaranteed by the Fifth Amendment of the U.S. Constitution. Blue Thunder asserts that there was no rational basis for the USPC's action, and he seeks an order temporarily restraining the USPC from enforcing its decision to revoke his parole while this action is pending. He claims that he is in custody in violation of the U.S. Constitution and laws of the United States, and he seeks immediate release.

On initial review, by Memorandum Opinion and Order of November 18, 2013, the judge originally assigned to this case determined that Blue Thunder's § 2241 petition was an abuse of the writ, as well as successive, and denied same. [R. 23, 24] On December 20, 2013, Blue Thunder filed an *ex parte* "Motion To Alter or Amend Judgment," which he characterized as a motion filed

pursuant to Fed. R. Civ. P. 59(e).[2]  [R. 25]  For the reasons explained below, Blue Thunder's motion to alter or amend judgment will be granted in part and denied in part.

**FACTUAL AND PROCEDURAL BACKGROUND**

In 1978, Blue Thunder was convicted in the District of South Dakota of first-degree murder, in violation of 18 U.S.C. §§ 1111 and 1153.  Blue Thunder received a life sentence of imprisonment, and his conviction and sentence were affirmed on appeal.  *United States v. Blue Thunder*, 604 F.2d 550 (8th Cir. 1979).  On August 14, 1995, Blue Thunder was paroled.  However, his parole was revoked on June 24, 1998, after the USPC found that he had violated numerous conditions of his parole.

Blue Thunder appealed the USPC's decision to revoke his parole to the National Appeals Board ("NAB"), contending that the USPC lacked jurisdiction to revoke his parole.  On September 15, 1998, the NAB rejected his appeal and affirmed the USPC's decision.

---

[2] On April 8, 2014, this case was reassigned to the undersigned following the death of Senior United States District Judge Karl S. Forester.  [R. 28]

3

Subsequently, prior to filing the present § 2241 petition, as detailed in the Memorandum Opinion and Order of November 18, 2013 [R. 23], in 2001, 2004, 2009, Blue Thunder filed three other petitions for writ of habeas corpus pursuant to § 2241. The 2001 petition was dismissed on the merits, with the court finding that the USPC had acted within its jurisdiction and did not deny him due process as there was a rational evidentiary basis for the parole revocation findings. *See Blue Thunder v. Gallegos,* No. 01-WM-1965 (D. Colo. May 17, 2002) (unpublished order). Blue Thunder did not appeal.

Blue Thunder filed his second § 2241 petition in June 2004. The district court dismissed the petition as an abusive writ pursuant to 28 U.S.C. § 2244(a), concluding that Blue Thunder had previously unsuccessfully raised the same issue concerning the revocation of his parole. Petitioner appealed, but on February 7, 2006, the Tenth Circuit affirmed the denial of Blue Thunder's second habeas petition as an abuse of the writ. *See James David Blue Thunder v. U.S. Parole Commission, et al.,* F. App'x 666 (10th Cir. 2006) [unpublished].

In 2009, Blue Thunder filed a third § 2241 habeas petition. *See James Blue Thunder v. Brian J. Jett, Warden, et al.,* No. 09-2454- DSD/LIB (D. Minn. 2009), wherein he raised the following challenges to the Revocation Hearing: (1) that the Commission had no subject matter jurisdiction to consider the Tribal Code violations; (2) that USPO Janssen committed a violation of *Brady v. Maryland*, 373 U.S. 83 (1963), by allegedly "suppressing" witnesses and medical evidence from the Hearing Officer; (3) that the Commission did not have jurisdiction to consider the fraud charge because the Veterans Administration had already made a "final and conclusive" decision that he was not at fault;(4) that the Tribal Courts, and not the Commission, had jurisdiction over the terms of his parole, as well as the criminal conduct charges; (5) that the Assistant United States Attorney failed to comply with Title 25 U.S.C. Section 2809(b); and (6) that the Warrant was improperly based upon criminal conduct for which he had not been arrested. The district court surmised that Blue Thunder was claiming that these alleged procedural errors violated his right to Due Process, under the Fifth Amendment, and under Title 25 U.S.C. § 1302, which

5

extends many of the liberties guaranteed in the Constitution as against Tribal Governments and that he was claiming that, given the facts and the Court's purported lack of jurisdiction, the Commission's decision to revoke his parole was arbitrary and capricious, under the Administrative Procedures Act, Title 5 U.S.C. §701, *et seq*. ("APA"). Additionally, Blue Thunder also claimed that he is actually innocent of several of the Charges -- specifically, the Charges of Fraud, the Violation of Special Conditions, and an assault charge. For all of those reasons, Blue Thunder sought reversal of his parole revocation.

On September 23, 2010, the district court denied Blue Thunder's petition as successive and as an abuse of the writ. *James Blue Thunder v. Brian J. Jett, Warden, et al.,* No. 09-2454- DSD/LIB (D. Minn. 2009) [R. 35 therein] Blue Thunder moved for relief from that judgment, pursuant to Fed. R. Civ. P. 60(b)(6) [*Id.*, at R. 37]. On August 19, 2013, the district court denied that motion. [*Id.*, at R. 43] Blue Thunder did not appeal.

Blue Thunder's present § 2241 petition, filed in 2013, is his fourth such petition. As Judge Forester previously pointed out, three of the four claims raised

6

herein hinge on the fact that he was never charged or convicted of any new criminal offenses in any court, tribal or federal, either before or after his parole was revoked in 1998. Based on that fact, Blue Thunder contends that (a) the USPC lacked authority to arrest and detain him for criminal conduct in the absence of the United States Attorney's Office initiating any criminal charges against him, (b) he is "actually innocent" of the criminal conduct for which the USPC found he had committed, and (c) he has newly discovered evidence that the USPC exceeded its statutory authority by charging him with violations of law for which he was never charged or convicted. For this fourth claim, he argued that the USPC violated his due process rights by exceeding the scope of its authority relating to the requirement that, pursuant to 18 U.S.C. § 4203(c)(2), it must "take sworn testimony" in parole revocation proceedings as established in 18 U.S.C. §§ 4209(b) and 4213(b).

**DISCUSSION**

In the Memorandum Opinion and Order of November 18, 2013, Judge Forester explained in great detail that Blue Thunder's present § 2241 petition was an abusive, successive petition and that, for those reasons, it would

7

be denied and dismissed.  [R. 23] Judge Forester also pointed out that, even if his petition were not successive and an abuse of the writ, the claims raised therein were without merit; however, it is clear that Blue Thunder's petition was dismissed as an abusive, successive petition, as opposed to a dismissal on the merits.

As grounds for his Rule 59(e) motion, Blue Thunder has essentially repackaged the same arguments made in his § 2241 petition.  In supplementing his Rule 59(e) motion, Blue Thunder continues to argue that he is entitled to habeas relief because the USPC failed to "take sworn testimony," in violation of 18 U.S.C. § 4203(c)(2), at his parole revocation hearings in 1998 and that the USPC unlawfully revoked his parole based on its finding that he had committed new criminal conduct while on parole. Blue Thunder asserts he was denied due process by the USPC's errors committed in 1998.[3]

---

[3] Blue Thunder further claims that, at his Reconsideration Hearing conducted on August 1, 2013, and on December 18, 2013, the USPC again failed to "take sworn testimony" from the witnesses appearing at this hearing.  He characterizes such as a continuing due process violation.  However, any aspects of this Reconsideration Hearing with which Blue Thunder takes issue are not properly before the Court at this time, as there is no indication that Blue Thunder appealed the USPC's decision to the National Appeals Board

8

None of the arguments Blue Thunder makes in his Rule 59(e) motion, as supplemented, change the fact that the present § 2241 petition, his fourth, is an abusive, successive petition, and it was properly dismissed on that basis because (1) all of the claims raised in Blue Thunder's fourth habeas petition were raised in one or more of his three prior petitions or could have been raised therein, and (2) Blue Thunder was unable to demonstrate cause and prejudice or his probable actual innocence.

**A.  Cause and prejudice**

As to cause, Blue Thunder claimed that he had "newly discovered evidence" that was not available to him at the time filed his first habeas petition in 2001. However, that evidence (a letter dated October 18, 2002, from Janel Y. Sully, Prosecutor, Rosebud Sioux Tribal Court, Rosebud, South Dakota, stating that no action had been filed against him in that court [R. 1-7], and a letter dated October 23, 2006, from the Clerk of the Court for the District of South Dakota advising him that no

---

("NAB") and that the NAB affirmed the decision. In short, Blue Thunder has not exhausted his administrative remedies as to the 2013 Reconsideration Hearing. Upon exhaustion, he is free to pursue whatever remedies he thinks is necessary.

9

complaints or indictments had been filed against him for the period of time from January 1, 1998 to October 23, 2006 [R. 1-8]) was available to him when he filed his third habeas petition in 2009, and he, in fact relied on these same two letters in that petition. These two letters were identified as Exhibits A and B to that petition. *See James Blue Thunder v. Brian J. Jett, Warden, et al.,* No. 09-2454- DSD/LIB (D. Minn. 2009) [R. 43, p. 3, n.1 therein] Thus, Blue Thunder has already presented his "newly discovered evidence" to another court in a prior habeas petition. It is not new, and it has previously been considered by another court.

**B. Probable actual innocence**

Blue Thunder insists that the USPC unlawfully revoked his parole for criminal conduct of which he was never charged or convicted. The fact remains that the USPC did not convict him of any new criminal conduct. The USPC only found that, based on the evidence in the Hearing Record in 1998, Blue Thunder had violated the conditions of his parole, warranting its revocation. As Judge Forester explained, being found guilty of violating the conditions of one's parole does not equate to a criminal conviction. The standard of proof for a parole

violation is proof by a preponderance of the evidence, while the standard of proof for a criminal conviction is proof beyond a reasonable doubt. One is apples; the other is oranges. Blue Thunder's argument is without merit.

Nevertheless, one aspect of Blue Thunder's Rule 59(e) motion does have merit. Blue Thunder is correct that the certification in the Judgment that any appeal would not be taken in good faith under 28 U.S.C. § 1915(a)(3) was error. Since Blue Thunder paid the $5.00 filing fee and did not proceed *in forma pauperis*, he should be free to file an appeal. Therefore, that portion of the Judgment will be vacated, and an Amended Judgment will be entered in accordance with this Memorandum Order.

Accordingly, **IT IS HEREBY ORDERED** that:

1. Blue Thunder's "Motion To Alter Or Amend Judgment," filed pursuant to Fed. R. Civ. P. 59(e), as supplemented [R. 25, 30] is **GRANTED IN PART**, to the extent necessary to correct the Judgment; otherwise, the Rule 59(e) motion, as supplemented, is **DENIED**.

2. Numerical paragraph 3 of the Judgment entered on November 18, 2013 [R. 24] is **VACATED** and **SET ASIDE**.

3. An Amended Judgment will be entered contemporaneously with this Memorandum Opinion and Order.

This the 5th day of May, 2014.



Signed By:
*Joseph M. Hood*
Senior U.S. District Judge