```
                UNITED STATES DISTRICT COURT
                 EASTERN DISTRICT OF KENTUCKY
                 CENTRAL DIVISION AT LEXINGTON
```

| | |
|---|---|
| JAMES DAVID BLUE THUNDER, ) | |
| ) | |
| Petitioner, ) | Civil Action No. 5:13-187-JMH |
| ) | |
| v. ) | |
| ) | **MEMORANDUM OPINION** |
| UNITED STATES PAROLE ) | **AND ORDER** |
| COMMISSION, *et al.*, ) | |
| ) | |
| Respondents. ) | |

&ast;&ast;&ast;   &ast;&ast;&ast;   &ast;&ast;&ast;   &ast;&ast;&ast;

This matter is before the Court upon James David Blue Thunder's ("Blue Thunder") Motion to Alter or Amend the Amended Judgment [DE 33]. The Court being adequately advised, his Motion will be denied.

Blue Thunder is an inmate confined by the Bureau of Prisons in the Federal Medical Center located in Lexington, Kentucky. Proceeding without counsel, Blue Thunder filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241, challenging the decision of the United States Parole Commission ("USPC") dated June 22, 2012, continuing his case for a year and scheduling a parole Reconsideration Hearing in June of 2013. The Petition before this Court was the last in a long series

1

of proceedings commenced by Petitioner as he sought relief from the 1998 decision of the USPC to revoke his parole.[1]

Blue Thunder claims that, when the USPC originally revoked his parole in 1998, the USPC relied on hearsay evidence and otherwise improperly revoked his parole. He claims that in taking these actions, the USPC exceeded its rule making authority, acted in an arbitrary and capricious manner, and violated his right to due process of law guaranteed by the Fifth Amendment of the U.S. Constitution. Blue Thunder asserts that there was no rational basis for the USPC's action, and he seeks an order temporarily restraining the USPC from enforcing its decision to revoke his parole while this action is pending. He claims that he is in custody in violation of the U.S. Constitution and laws of the United States, and he seeks immediate release.

On initial review and by Memorandum Opinion and Order dated November 18, 2013, the Court denied Blue Thunder's § 2241 petition as successive and an abuse of the writ. [DE 23, 24] On December 20, 2013, Blue

---

[1] The factual and procedural history of Petitioner's claims, as they relate to this matter, have been set forth at length in previous orders and will not be repeated here.

2

Thunder filed a "Motion To Alter or Amend Judgment," which he characterized as a motion filed pursuant to Fed. R. Civ. P. 59(e).[2] [DE 25.] The Court granted his Motion to Alter or Amend Judgment in part, concluding that Petitioner should be free to file an appeal since he paid the filing fee and did not proceed *in forma pauperis*, but denied it in all other regards. [DE 31.] An Amended Judgment was entered on May 5, 2014. [DE 32.]

In his second Motion to Alter or Amend Judgment, now before the Court, Blue Thunder argues that this Court erred in how it considered "Ground Four" of his Petition upon its initial review of his Petition and, again, on its review of his first Motion to Alter or Amend Judgment. Specifically, he argues that this Court should have considered Ground Four of his Petition as a request for a declaration of rights under 28 U.S.C. § 2201 rather than a petition for habeas corpus under 28 U.S.C. § 2241 because it did not challenge the fact or duration of his confinement, relying on *Somerville v. Federal Bureau of Prisons*, 579 F.Supp.2d 821 (E.D.Ky. 2008) (holding that petitioner's action seeking order directing Bureau of

---

[2] On April 8, 2014, this case was reassigned to the undersigned following the death of Senior United States District Judge Karl S. Forester. [DE 28.]

3

Prisons to remove designation of offense as one involving "crime of violence" was properly characterized as an action seeking a declaratory judgment under 28 U.S.C. §§ 1331 and 2201 for claim arising under the federal Administrative Procedures Act).[3]

The Court concludes, however, that it properly understood and addressed the matter with respect to Petitioner's Ground Four as a petition for a writ of habeas corpus under 28 U.S.C. § 2241, as Petitioner originally requested. Congress declared the Parole

---

[3] In "Ground Four," Petitioner argued that his due process rights were violated in the parole revocation process and that he is, thus, being held in violation of the Constitution and laws of the United States because his hearing was conducted by a hearing officer under a delegation of authority by the United States Parole Commissioner in 28 C.F.R. § 2.23 made pursuant to but which exceeded the scope of 18 U.S.C. § 4203(c). 18 U.S.C. § 4203(c) permits the Commissioner to "delegate to hearing examiners any powers necessary to conduct hearings and proceedings, take sworn testimony, obtain and make a record of pertinent information, make findings of probable cause and issue subpoenas for witnesses or evidence in parole revocation proceedings, and recommend disposition of any matters enumerated in subsection (b) of this section. . ." 28 C.F.R. § 2.23 delegates to hearing officers "the authority necessary to conduct hearings and make recommendations relative to the grant or denial of parole or reparole, revocation or reinstatement of parole or mandatory release, and conditions of parole" as well as "the authority necessary to make a probable cause finding, to determine the location of a revocation hearing, and to determine the witnesses who will attend the hearing, including the authority to issue subpoenas for witnesses and evidence." Petitioner argues that the delegation fails to provide the hearing officer the authority to "take sworn testimony" and, thus, he could not be provided the process that he would have otherwise had before the Commissioner had the delegation to conduct hearings not been made. The Court is not immediately persuaded there Petitioner's argument makes sense for a number of reasons, not the least of which is because it appears that the authority to take sworn testimony was in fact, delegated to the hearing officers as part of the authority to conduct hearings and contrary to Petitioner's argument. The Court need not reach a conclusion on this issue, however, and declines to do so.

Commission's decisions to grant or deny parole to be "actions committed to agency discretion for purposes of the [judicial review provisions of the Adminsitrative Procedure Act]" and, thus, limited this Court's jurisdiction to review Parole Commission determinations. 18 U.S.C. § 4218(d) (repealed); *see* 5 U.S.C. 701(a)(2) ("This chapter applies . . . except to the extent that . . . agency action is committed to agency discretion by law."). Petitioner has identified no other basis upon which to predicate a request for a declaration of rights under 28 U.S.C. § 2201. As the Court may review the Commission's actions only "to determine whether they are unconstitutional or exceed the scope of the Commission's authority," *Malave v. Hedrick*, 271 F.3d 1139, 1140 (8th Cir. 2001); *Page v. Hastings*, 2006 WL 1867380 (E.D.Ky. June 30, 2006) (citing *Kimberlin v. White*, 7 F.3d 527, 533 (6th Cir. 1993); *Hackett v. United States Parole Comm'n*, 851 F.2d 127, 129-30 (6th Cir. 1987 (per curiam); *Farkas v. United States*, 774 F.2d 37, 39 (6th Cir. 1984)), the Court properly understood the request for relief as a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.

The Court has already determined that the Petition is successive and an abuse of the writ meriting dismissal with prejudice and has not been dissuaded of that opinion. No further relief is warranted upon Petitioner's Motion.

Accordingly, **IT IS HEREBY ORDERED** that James David Blue Thunder's Motion to Alter or Amend the Amended Judgment [DE 33] is **DENIED**.

This the 20th day of October, 2014.

Signed By:
*Joseph M. Hood*
Senior U.S. District Judge